IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 - 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01312-BNB

WATSON GLEN DANIEL,

    Applicant,

v.

MIKE LABA,

    Respondent.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant Watson Glen Daniel is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the La Vista Correctional Facility in Pueblo, Colorado. Mr. Daniel has submitted to the Court *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994) and a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 (Supp. 2006). He has been granted leave to proceed pursuant to § 1915.

The Court must construe the habeas corpus application liberally because Mr. Daniel is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Daniel will be ordered to file an amended application.

Mr. Daniel alleges that he was convicted and sentenced in August 2001 to sixteen years of imprisonment. He further alleges that he has appeared before the

Colorado Board of Parole, that he should have been paroled in 2004, that he won't appear again before the parole board until 2008, and that the parole board has violated his constitutional rights. He appears to be challenging the actions of the parole board that have resulted in his continued incarceration. Claims challenging the actions of the parole board properly are asserted pursuant to 28 U.S.C. § 2241. However, he fails to allege how the parole board violated his constitutional rights.

Mr. Daniel's habeas corpus application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Daniel's application fails to provide a short and plain statement of his claims showing that he is entitled to relief. He will be given an opportunity to do so. Mr. Daniel will be directed to file an amended application that complies with Fed. R. Civ. P. 8.

Mr. Daniel is reminded that he is required to exhaust state remedies regarding his habeas corpus claims before seeking federal intervention. *See Montez v.*

*McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the highest state court. **See** *Castille v. Peoples*, 489 U.S. 346, 351 (1989). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See** *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Mr. Daniel asserts that he filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. He fails, however, to allege the date when he filed the Rule 35(c) motion, the disposition of the Colo. R. Crim. P. 35(c) motion in the sentencing court, and the disposition on appeal, if he appealed from the denial of the Rule 35(c) motion. Accordingly, it is

ORDERED that Mr. Daniel file **within thirty (30) days from the date of this Order** an amended application that complies with Fed. R. Civ. P. 8 for the reasons discussed in this order. It is

FURTHER ORDERED that Mr. Daniel's amended application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Daniel, together with a copy of this order, two copies of the following form for use in filing the amended

application:  Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Daniel fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED August 1, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01312-BNB

Daniel G. Watson
Prisoner No. 114275
San Carlos Corr. Facility
1410 W. 13th Street
PO Box 3
Pueblo, CO 81002

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on ___8-1-06___

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk